**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IMIRLLARY COLON,                              CASE NO.:

    **Plaintiff,**                              **JURY DEMAND**

v.

**GABRIELA DOMINGUEZ d/b/a**
**GABY'S GROUP FAMILY DAYCARE,**

    **Defendant.**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IMIRLLARY COLON ("Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, GABRIELA DOMINGUEZ d/b/a GABY'S GROUP FAMILY DAYCARE ("Defendant"), and states:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three (3) things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers, 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt day care worker employed by Defendant.

4.    Throughout the duration of her employment with Defendant, Defendant deprived Plaintiff of proper minimum wages for her weeks worked in one or more workweeks.

5.    Additionally, throughout the duration of her employment with Defendant, Defendant deprived Plaintiff of proper overtime compensation for the hours that she worked in excess of forty (40) hours each week.

## JURISDICTION and VENUE

6.    This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, as this is an action arising under 29 U.S.C. § 201 *et seq.*

7.    This Court has supplemental jurisdiction over Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367.

8.    Venue is proper in this Court because, at all relevant times, the acts and omissions giving rise to the causes of action alleged herein accrued in the Bronx, New York.

## PARTIES

9.    At all times material hereto, Plaintiff was a resident of New York.

10.    At all times material hereto, Defendant operates multiple licensed Group Family Day Care programs in and around the Bronx, New York under the name "Gaby's Group Family Daycare."

11.    At all times material hereto, Plaintiff worked as a daycare worker at one of Defendant's group family daycare facilities located at: 610 Trinity Ave, Apt. 2-S, Bronx, New York, 10455 (the "Facility").

12.    At all times material hereto, Defendant's Facility where Plaintiff worked was registered with the New York Office of Children and Family Services with the License/Registration ID: 669075.

13. Upon information and belief, at all times material hereto, Defendant is an individual resident/citizen of the State of New York.

14. At all times material hereto, Defendant was, and continues to be, the owner of the Facility where Plaintiff worked for Defendant.

15. At all times material hereto, Defendant managed the Facility where Plaintiff worked for Defendant on a day-to-day basis.

16. At all times material hereto, Defendant regularly exercised the authority to hire and fire employees at the Facility where Plaintiff worked for Defendant.

17. At all times material hereto, Defendant determined the work schedules and assignments for the employees at the Facility where Plaintiff worked for Defendant, including with respect to Plaintiff.

18. At all times material hereto, Defendant controlled the finances and operations of the Facility where Plaintiff worked for Defendant.

19. At all times material hereto, Defendant maintained the business records of the Facility where Plaintiff worked for Defendant.

20. Defendant Gabriela Dominguez hired Plaintiff to work as an employee at the Facility where Plaintiff worked for Defendant.

21. Defendant determined and set Plaintiff's hourly pay rates.

22. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

23. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

24. At all times material hereto, Defendant employed Plaintiff.

25.    At all times material hereto, Defendant was, and continues to be, engaged in operating a business providing group daycare and childcare services.

26.    Based upon information and belief, Defendant's annual gross revenue is and was in excess of $500,000 per annum for all relevant time periods.

27.    At all times material hereto, Defendant's business was, and continues to be, a covered enterprise, without regard to its annual dollar volume of business, and is subject to enterprise coverage under the FLSA, because it operated as a daycare center and preschool, providing custodial, educational, or developmental services to preschool age children.[1]

28.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of her usage of items that travelled in interstate commerce in the exercise of her regular duties as an employee of Defendant, including a cell phone, a stroller, food items, and other tools of the trade required to complete her daily tasks for Defendant as a daycare worker.

29.    At all times material hereto, Plaintiff was a daycare worker and subject to individual coverage of the FLSA, by virtue of her regular and continuous interstate communications regarding her work for Defendant.

30.    At all times material hereto, Plaintiff's employment was subject to the coverage of the NYLL.

31.    At all times material hereto, the work performed by Plaintiff was directly essential to Defendant's business operations.

---

[1] *See* Department of Labor Fact Sheet #46: Daycare Centers and Preschools Under the Fair Labor Standards Act (FLSA), https://www.dol.gov/agencies/whd/fact-sheets/46-flsa-daycare, ("The 1972 Amendments to the FLSA specifically extended FLSA coverage to preschools as covered "enterprises," … without regard to the annual dollar volume of the business. As a result, all such enterprises are required to comply with applicable provisions of the FLSA."); *see also* 29 U.S.C. 203(s)(1)(B).

4

**STATEMENT OF FACTS**

32.     Defendant operates multiple group family daycare programs which provide daycare and childcare services in and around the Bronx, New York.

33.     In or about 2013, Defendant hired Plaintiff to work as a daycare worker.

34.     In most, if not all, work weeks during her employment with Defendant, Plaintiff was suffered or permitted to work for Defendant in excess of forty (40) hours within a work week.

35.     From at least July 2020 through April 2026, Defendants failed to compensate Plaintiff at the proper New York City minimum wage rate for all weeks worked.

36.     During the relevant period of this action, the applicable minimum wage rates for employees working for employers in New York City were:

     a.     December 31, 2019 – December 31, 2023: $15.00 per hour;

     b.     January 1, 2024 – December 31, 2024: $16.00 per hour;

     c.     January 1, 2025 – December 31, 2025: $16.50 per hour;

     d.     January 1, 2026 - December 31, 2026: $17.00 per hour.

37.     From at least July 2020 through April 2026, Defendant failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

38.     At all times relevant hereto, Defendant was aware, or reasonably should have been aware, of all hours which Plaintiff was suffered or permitted to work during the relevant period of her employment with Defendant.

39.     Plaintiff should be compensated at the applicable minimum wage rate in New York City for all weeks worked as required by the FLSA and NYLL.

40.     Plaintiff should be compensated at the rate of one and one-half times her regular

rate for those hours worked in excess of forty (40) hours per week as required by the FLSA and NYLL.

41.     Defendant has violated Title 29 U.S.C. §§ 206 and 207, and the NYLL, from at least July 2020 through April 2026, in that:

> a.     Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks during her relevant period of employment with Defendant;
>
> b.     No payments, and/or provisions for payment, has been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA and the NYLL;
>
> c.     Defendant failed to pay the proper minimum wage rate per hour for all non-overtime hours worked as required by the FLSA and NYLL;
>
> d.     Defendant failed to comply with the paystub requirements of the NYLL;
>
> e.     Defendant failed to maintain proper time records as mandated by the FLSA and NYLL.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

42.     Plaintiff incorporates by reference as though fully set forth here, paragraphs 1-41.

43.     From at least July 2020 through April 2026, Plaintiff worked in excess of forty (40) hours in most, if not all, work weeks, for which she was not compensated at the statutory rate of one and one-half times her regular rate of pay.

44.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours in a work week.

45.     At all times material hereto, Defendant failed, and continues to fail, to maintain

proper time records as mandated by the FLSA.

46.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for the hours worked in excess of forty (40) hours per workweek when Defendant knew, or should have known, such was, and is, due.

47.     Defendant has failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

48.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

49.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50.     As such, Defendant has failed to properly pay Plaintiff proper overtime wages at time and a half her regular rate of pay for all such hours worked over forty (40) in a work week.

**COUNT II**
**<u>RECOVERY OF OVERTIME COMPENSATION UNDER THE NYLL</u>**

51.     Plaintiff incorporates by reference as though fully set forth here, paragraphs 1–41.

52.     At all relevant times, Plaintiff was an "employee" and Defendant is/was an "employer" within the meaning of the NYLL.

53.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant.

54.     Defendant has failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

55.    By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per work week, Defendant has willfully violated NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to, the regulations in N.Y. Comp. Code R. & Regs., tit. 12 § 142.

56.    Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY OF MININMUM WAGE COMPENSATION UNDER THE FLSA

57.    Plaintiff incorporates by reference as though fully set forth here, paragraphs 1-41.

58.    At all times relevant, Plaintiff was an employee of Defendant and was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

59.    At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

60.    Defendant was required to pay Plaintiff the full minimum wage rate[2] for all workweeks worked.

61.    Defendant failed to pay Plaintiff the applicable minimum wage for all workweeks worked.

62.    As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amount to be

---

[2] 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.")

determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT IV
## RECOVERY OF MINIMUM WAGE COMPENSATION UNDER THE NYLL

63.     Plaintiff incorporates by reference as though fully set forth here, paragraphs 1-41.

64.     The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

65.     Defendant failed to pay Plaintiff at the applicable minimum wage for all hours/weeks worked.

66.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonably attorneys' fees and costs, and pre-judgment and post-judgment interest.

## COUNT V
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

67.     Plaintiff incorporates by reference as though fully set forth here, paragraphs 1-41.

68.     Defendant failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

69.     Specifically, Defendant failed to provide an accurate number of hours worked by Plaintiff because Defendant failed to list the time that Plaintiff worked at her regular rate of pay or overtime rate of pay.

70.     Through Defendant's knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

71.     As a result of Defendant's failure to provide Plaintiff with accurate wage

statements, Plaintiff has suffered mental distress and anguish, because she has been unable to ascertain amounts due to her under the NYLL versus those paid and has been left to question how much money she has been underpaid.

72.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**COUNT VI**
**VIOLATION OF NEW YORK LABOR LAW §§ 190 et seq.**
**FAILURE TO PROVIDE WRITTEN NOTICE OF WAGES, ETC.**

73.    Plaintiff incorporates by reference as though fully set forth here, paragraphs 1-41.

74.    At the inception of Plaintiff's employment, and at all points thereafter, Defendant failed to supply Plaintiff with written notice of the terms of her employment, as required by the NYLL.

75.    Through Defendant's knowing or intentional failure to provide Plaintiff with the written notice required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

76.    Because Defendant failed to provide Plaintiff with written notice, Plaintiff was unaware of her entitlement to overtime wages, her proper wages, her proper rates of pay, and/or the contact information for Defendant's main office.

77.    As a result, Plaintiff did not know how much she was legally entitled to earn while employed by Defendant and did not know who she should complain to regarding Defendant's failure to pay her overtime wages when she worked in excess of forty (40) hours a week.

78.    Defendant's failure to provide the legally-required written notice directly resulted in a significant delay in Plaintiff asserting her rights to full and proper overtime compensation.

79.     Due to Defendant's willful violations of  NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, prays for the following relief:

A.     Awarding Plaintiff unpaid wages due under the NYLL, and the FLSA;

B.     Awarding Plaintiff unpaid overtime under the NYLL, and the FLSA;

C.     Awarding Plaintiff 100 % liquidated damages;

D.     Awarding Plaintiff statutory penalties due to Defendant's failure to provide accurate wage notice and wage statements in violation of the NYLL;

E.     Awarding Plaintiff pre-judgment interest;

F.     Awarding Plaintiff reasonable attorneys' fees and costs and expenses of this litigation, pursuant to 29 U.S.C. §216(b), the NYLL, and the FLSA;

G.     Ordering any other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: July 23, 2026.

Respectfully submitted,
*/s/ Andrew R. Frisch*
ANDREW R. FRISCH, ESQ.
NY Bar No. 3957115
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) WORKERS
F: (954) 327-3013
E-mail: afrisch@forthepeople.com
*Attorney for Plaintiff*

11